UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-mc-80743-Middlebrooks-Matthewman

IN RE APPLICATION OF
ORTHOGEN INTERNATIONAL GmbH,

    Petitioner,

For an order pursuant to 28 U.S.C. § 1782
to conduct discovery for use in a foreign
proceedings.
_____/

### DEPONENTS' RENEWED MOTION FOR STAY PENDING REVIEW BY THE DISTRICT COURT OF THEIR OBJECTIONS TO MAGISTRATE ORDER

Deponents, Edward Capla and Yolanda Capla, move for a stay of the Order Overruling Objections to Subpoena Duces Tecum and Denying Motion to Quash or Modify Subpoenas or in the Alternative Motion to Stay Enforcement of Subpoenas dated October 16, 2023 [DE 38] ("the Order") pending a ruling on the Deponents' Objections to Magistrate Order [DE 39]. In support of this motion, Deponents show the following:

Proceedings

1. Petitioner, Orthogen International GmbH, filed an Ex Parte Application for a Discovery Order Pursuant to 28 U.S.C. § 1782 to serve subpoenas duces tecum for the depositions of deponents, Edward Capla and Yolanda Capla [DE 1 and DE 3-2].

2. The Court entered an Order Granting Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 [DE 11]

3. Deponents filed Objections to Subpoenas Duces Tecum, Motion to Quash or Modify Subpoenas or in the Alternative Motion to Stay Enforcement of Subpoenas [DE 20] along with various supporting documents and a memorandum of law in support of their

objections and motion [DE 20-4].

4. Petitioner filed an Opposition to Respondents Edward Capla and Yolanda Capla's Motion to Quash or Stay [DE 23] along with various supporting documents.

5. The Court entered an Order Referring Motion [DE 24] which referred the objections and motion to quash or stay to the U.S. Magistrate.

6. The Magistrate Judge entered an Order Overruling Objections to Subpoenas Duces Tecum and Denying Motion to Quash or Modify Subpoenas [DE 38] directing that the depositions of Edward Capla and Yolanda Capla go forward.

7. Deponents filed Objections to Magistrate Order [DE39].

8. Deponents file this Motion for Stay Pending Review by the District Court to preserve the status quo so that their objections can be heard and ruled on by the district court before the depositions go forward and to provide for meaningful district court review of the Order Overruling Objections.

9. The authorities which provide the standards for ruling on a motion for stay and the elements to be considered by the court in ruling on the motion are set out in the Memorandum of Law in Support of Deponent's Motion for Stay Pending Review by the District Court that is filed with this motion

<u>The Deponents Will be Irreparably Injured Absent a Stay</u>

10. Once a deposition is taken it can't be undone. There is no financial remedy or other equitable remedy that can undo the personal burden and time expended in being deposed.

11. Once personal records, including personal financial records, sought by the subpoenas duces tecum are disclosed the harm to personal privacy, including personal financial privacy, is completed and can't be totally reversed including by any confidentiality order entered

by the court.

12. Having to sit for a lengthy deposition necessarily also entails preparation and the costs of preparation and deposition attendance including the costs of substantial attorney fees.

<u>Issuance of a Stay Will Not Substantially Injure the Petitioner</u>

13. As set out in the Memorandum of Law in Support of Ex Parte Application for a Discovery Order Pursuant to 28 U.S.C. § 1782 [DE 3] at page 3, the purpose of the subpoenas served on Deponents is to "develop … facts for purposes of [a] Contemplated German Proceeding" that Orthogen International intends to initiate … against Mr. Capla and Dr. [Douglas] Schottenstein in Germany…."

14. Petitioner, Orthogen International, has filed a separate Application for an Order Pursuant to 28 U.S.C. § 1782 against Douglas Schottenstein in S.D.N.Y. Case No. 1:23-mc-00152-VSB. See Reply Memorandum in Support of Objections to Subpoenas Duces Tecum [DE 26] at page 2 and the appended Supplemental Declaration of Dr. Stefan Kruger in in S.D.N.Y. Case No. 1:23-mc-00152-VSB at DE 26-1.

15. In sum, no actual lawsuit has been filed in Germany against Edward Capla and Dr. Douglas Schottenstein. In order to develop facts for its "contemplated" German proceeding Orthogen International has filed two Section 1782 applications in two different district courts and the application directed to Dr. Schottenstein in the Southern District of New York has yet to be ruled on. Thus, time is not of the essence so as to obviate the entitlement to district court review of the Magistrate Order to which objections have been filed in this case.

<u>The Public Interest Lies with Preserving District Court Review of the Magistrate Order Argument</u>

16. Rule 72, Fed. R. Civ. P., grants to parties the right to serve and file written objections to a magistrate's order to be reviewed by a district judge. Not granting a stay in this

3

case would for practical purposes eliminate the process under the Federal Rules of Civil Procedure for review of a magistrate's ruling by a U.S. district judge as the deposition could be held before the U.S. district judge rules on objections to the Magistrate's Order.

17. 28 U.S.C. § 636 grants to parties the right to serve and file written objections to a magistrate's order to be reviewed by a district judge. Not granting a stay in this case would for practical purposes eliminate the right of a party under 28 U.S.C. § 636 to have a review of a magistrate's ruling by a U.S. district judge as the deposition could be held before the U.S. district judge rules on objections to the Magistrate's Order..

18. The constitutionality of 28 U.S.C. § 636 under Art. III, U.S. Const., is preserved by entitlement to review of a magistrate's dispositive ruling by a U.S. district judge. See *United States v. Raddatz*, 447 U.S. 667, 672-74 (1980). *See also Jeffrey S. v. State Board of Education*, 896 F.2d 507, 512 (11th Cir. 1990) and *United States v. St. Turbain*, 730 Fed. Appx. 889, 889-90 (11th Cir. 2018), for holdings that review by a U.S. district judge of a magistrate's ruling is essential to the constitutionality of 28 U.S.C. § 636.

Substantial Case on the Merits

19. Deponents' Objections to Magistrate Order present a substantial case on the merits as to why this court should exercise its broad discretion to determine if a mistake has been committed or that the Order has misapplied statutes or case law to the facts of this case inasmuch as the Order: a) failed to consider if Petitioner showed lack of candor toward the tribunal in failing to disclose important facts bearing on the basis and outcome of its application; b) failed to consider if application lacked a good faith predicate in that it was based solely on allegations by a person whom petitioner, itself, believed lacked trustworthiness, had made false allegations against other medical doctor Orthogen licensees and was frighteningly emotionally unstable; c)

4

failed to properly apply Eleventh Circuit standards in judging the second *Intel*[1] factor; d) overlooked important aspects of the German Civil Code and German Civil Procedure Code and binding American case law on comity as the animating purpose of 28 U.S.C. § 1782 in judging the third *Intel* factor; e) misconstrued the sole factual basis for petitioner's application to this court and the identity of that factual basis with the same factual allegations made in the complaint in S.D.N.Y. No. 22-cv-10883-PKC – to which Petitioner and Deponents are all named as party defendant co-conspirators – in judging Deponent's motion to stay this action pending a resolution of those identical factual allegations in the SDNY Action; and f) overlooked that the witnesses, patient and financial records, payments, patient treatments, bank accounts and bank records, which are the subjects of the factual allegations and the subpoenas served in the present case, are all located in the Southern District of New York where there already exists a pending action that will involve each of those documents in making its ruling on the motion to transfer this case to the U.S. District Court for the Southern District of New York.

Arguments

20. A reviewing court must bring a considered judgment to bear on its review of a magistrate order. This cannot always be done quickly enough to afford relief to the party aggrieved by the order under review. The choice for a reviewing court should not be between justice on the fly or participation in what may be an "idle ceremony" if review is held after the depositions to which objection is made have already been held.

21. Granting a stay of the Order Overruling Objections to Subpoena Duces Tecum and Denying Motion to Quash or Modify Subpoenas or in the Alternative Motion to Stay

---

[1] The term *Intel* factor is based on *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), as refined by *In re Clerici*, 481 F.3d 1324 (11th Cir. 2007).

Case No. 23-mc-80743-Middlebrooks-Matthewman

Enforcement of Subpoenas until the district court can rule on objections to that Order will ensure that the reviewing court can responsibly fulfill its role its role in the judicial process.

22. In ruling on this motion for stay, the court should take into account the practical consequences that if the stay is not granted that could render district court review moot. This is especially so where the depositions ordered are the essential, and only, part of the relief sought in this case.

Certificate of Good Faith Conferral

23. Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this renewed motion in a good faith effort to resolve the issues but has been unable to resolve the issues[2].

/s/ Joel V. Lumer
Joel V. Lumer

Date: November 7, 2023.              Respectfully submitted,

/s/ Joel V. Lumer_____
Joel V. Lumer
Fla. Bar No. 193300
Attorney for Deposition Witnesses
Edward Capla and Yolanda Capla
7000 West Palmetto Park Road-Suite 210
Boca Raton, Florida 33433
Tel: 561-392-9000
Email: jlumer@lumer-law.com

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was furnished this November 7, 2023 to Ilana Drescher, Esq., of Bilzin Sumberg Baena Price & Axelrod LLP and to Christopher B. Harwood

---

[2] Dr. Douglas Schottenstein, who is a non-party that may be affected by the relief sought, has no objection to this motion.

and Joseph Stern, Esq. of Morvillo Abramowitz Grand Iason & Anello P.C. by filing with the court's electronic filing service.

                                                  /s/ Joel V. Lumer_____
                                                  Joel V. Lumer