UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-mc-80743-Middlebrooks-Matthewman

IN RE APPLICATION OF
ORTHOGEN INTERNATIONAL GmbH,

    Petitioner,

For an order pursuant to 28 U.S.C. § 1782
to conduct discovery for use in a foreign
proceedings.
_____/

MEMORANDUM OF LAW IN SUPPORT OF
DEPONENTS' RENEWED MOTION FOR STAY PENDING REVIEW
BY THE DISTRICT COURT OF THEIR OBJECTIONS TO MAGISTRATE ORDER

Deponents, Edward Capla and Yolanda Capla, file this memorandum of law in support of their Renewed Motion for Stay Pending Review by the District Court of Their Objections to Magistrate Order and show the following as authority in support of their motion:

1.    "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997), and *Garcia v. Spruce Services, Inc.*" 2023 WL 2589305 at *1 (S.D. Fla. Mar. 20, 2023).

2.    In describing the reasons for granting a stay of an order pending review, the court in *Nken v. Holder*, 556 U.S. 418 (2009), stated:

> The authority to hold an order in abeyance pending review allows an appellate court to act responsibly. A reviewing court must bring considered judgment to bear on the matter before it, but that cannot always be done quickly enough to afford relief to the party aggrieved by the order under review. The choice for a reviewing court should not be between justice on the fly or participation in what may be an "idle ceremony." *Id*., at 10, 62 S.Ct. 875. The ability to grant interim relief is accordingly not simply "[a]n historic procedure for preserving rights during the pendency of an appeal," *id*., at 15, 62 S.Ct. 875, but also a means of ensuring that appellate courts can responsibly fulfill their role in the judicial process.

Case No. 23-mc-80743-Middlebrooks-Matthewman

556 U.S. at 427.

3.  The Eleventh Circuit standard for judging a motion for stay pending review is set out *League of Women Voters v. Florida Secretary of State*, 32 F.4th 1363 (11th Cir. 2022), where the opinion of the court states:

> Under the "'traditional' standard for a stay," we "consider[] four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 425–26, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)). But of course, that "traditional" four-factor standard does not always apply. For example, in some circumstances—namely, "when the balance of equities … weighs heavily in favor of granting the stay"—we relax the likely-to-succeed-on-the-merits requirement *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (quotation marks omitted). In that scenario, the stay may be "granted upon a lesser showing of a 'substantial case on the merits.'" *Id.* (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A June 26, 1981)).

32 F.4th at 1370.

4.  In the recent case of *Florida v. United States*, 2023 WL 3813774 (11th Cir. Jun. 5, 2023), the court stated: "Where the balance of equities identified in the second, third, and fourth factors weighs heavily in favor of granting the stay, 'we relax the likely-to-succeed-on-the-merits requirement' of the first factor. *League of Women Voters*, 32 F.4th at 1370; *accord Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)." 2023 WL 3813774 at *1. To this point, *Garcia-Mir v. Meese* holds that "the movant may also have his motion granted upon a lesser showing of a 'substantial case on the merits' when 'the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay.'" 781 F.2d at 1453.

5.  In ruling on a motion to stay an order compelling a deposition, the courts should

2

take into account the practical consequences that if the stay is not granted that would render appellate review moot. It is stated in *Mikutaitis v. United States*, 478 U.S. 1306 (1986): "It does not appear that the Government will be significantly prejudiced by an additional short delay in obtaining Mikutaitis' deposition. On the other hand, it is possible that continued enforcement of the contempt order may have the practical consequence of rendering the proceeding moot if Mikutaitis is pressured into testifying …." 479 U.S. at 1309 (footnote omitted). This is especially so where "depositions appear central to Plaintiffs' claims." *Kimberly Regenesis, LLC v. Lee County*, 2021 WL 5178497 at *1 (M.D. Fla. Nov. 8, 2021).

Date:  November 7, 2023.                                      Respectfully submitted,

/s/ Joel V. Lumer_____
Joel V. Lumer
Fla. Bar No. 193300
Attorney for Deposition Witnesses
Edward Capla and Yolanda Capla
7000 West Palmetto Park Road-Suite 210
Boca Raton, Florida 33433
Tel:  561-392-9000
Email:  jlumer@lumer-law.com

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was furnished this November 7, 2023 to Ilana Drescher, Esq., of Bilzin Sumberg Baena Price & Axelrod LLP and to Christopher B. Harwood and Joseph Stern, Esq. of Morvillo Abramowitz Grand Iason & Anello P.C. by filing with the court's electronic filing service.

/s/ Joel V. Lumer_____
Joel V. Lumer